Stephanie R. Tatar – State Bar No. 237792
TATAR LAW FIRM, APC
3500 West Olive Avenue
Suite 300
Burbank, California 91505
Telephone: (323) 744-1146
Facsimile: (888) 778-5695
Stephanie@thetaterlawfirm.com

Attorney for Plaintiff Robert Dubsky



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

ROBERT DUBSKY

　　　　Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.
and
CORELOGIC CREDCO, LLC
and
HERBERT P. SEARS CO., INC.

　　　　Defendants.

Civil Action No. SACV12-795 JST (MLGx)

COMPLAINT FOR VIOLATIONS OF FAIR CREDIT REPORTING ACT AND THE FAIR DEBT COLLECTION PRACTICES ACT AND THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

DEMAND FOR JURY TRIAL

## PRELIMINARY STATEMENT

1.　　This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, as *amended,* the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act Cal. Civ. Code § 1788 *et seq.*("RFDCPA").

COMPLAINT AND
DEMAND FOR JURY TRIAL

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331 and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Robert Dubsky is an adult individual who resides in Tuolumne, CA 95379.

5. Defendant Experian Information Solutions, Inc. ("Experian") is a business entity and consumer reporting agency that regularly conducts business in the Central District of California, and which has its headquarters and a principal place of business located at 475 Anton Boulevard, Costa Mesa, CA.

6. Defendant CoreLogic Credco, LLC. ("CoreLogic") is a business entity, consumer reporting agency and reseller of credit information that regularly conducts business in the Central District of California, and which has its headquarters and a principal place of business located at 12395 First American Way, Poway, CA 92064.

7. Defendant Herbert P. Sears Co., Inc. ("H. Sears") is a corporation which regularly engages in the business of collecting debts and reporting such debts to the credit bureaus in the Central District of California and which has a principal place of business located at 2000 18th St., Bakersfield, CA 93301. The principal purpose of H. Sears is the collection of debts due another using the mails and telephone, and H. Sears regularly attempts to collect said debts.

## FACTUAL ALLEGATIONS

8. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties ("inaccurate information").

9. The inaccurate information includes, but is not limited to, an H. Sears account that is reporting with an unsatisfied balance, even though the Plaintiff was deemed not responsible for the account by court order in January of 2009.

10. At all pertinent times hereto, H. Sears was hired to collect a debt originally owed another (the "debt").

11. At all pertinent times hereto, H. Sears was on its own behalf engaged in the act and practice of collecting from Plaintiff a consumer debt.

12. The alleged debt at issue arose out of consumer credit transactions which were primarily for personal, family or household purposes.

13. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness. The inaccurate information consists of accounts and/or tradelines that do not accurately reflect the payment history and/or balance of those accounts.

14. Experian and CoreLogic have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

15. Plaintiff has disputed the inaccurate information with Experian and CoreLogic by both oral and written communications to their representatives and by following Experian and CoreLogic's established procedures for disputing consumer credit information.

16. Plaintiff has disputed the inaccurate information with Experian and CoreLogic from January 2012 through the present.

17. Notwithstanding Plaintiff's efforts, Experian and CoreLogic have sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and Experian and CoreLogic continue to publish and disseminate such

inaccurate information to other third parties, persons, entities and credit grantors. Experian and CoreLogic have repeatedly published and disseminated consumer reports to such third parties from at least January 2011 through the present.

18. Despite Plaintiff's efforts Experian and CoreLogic have never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; and (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information.

19. Notwithstanding Plaintiff's disputes, H. Sears has also failed to conduct timely and reasonable investigations of Plaintiff's above-referenced disputes after being contacted by the relevant credit reporting agencies concerning such disputes, have willfully continued to report such inaccurate information to various credit reporting agencies, and have failed to mark the above account as disputed.

20. Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable investigations and/or reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to report on the results of their investigations and/or reinvestigations to all credit reporting agencies, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

21. In or around January 2009, Plaintiff disputed with H. Sears that the account in question belonged to his ex-wife. In January 2009, Plaintiff received a court order confirming that that Plaintiff had been deemed not responsible for the account and had no further financial obligation to H. Sears for the account in question.

COMPLAINT AND
DEMAND FOR JURY TRIAL

22. Notwithstanding the above, beginning in December 2011, H. Sears began reporting the satisfied account with an unsatisfied balance to the credit reporting agencies. Despite Plaintiff's repeated requests, H. Sears refused to report to the credit reporting agencies that the account should be removed from Plaintiff's credit file.

23. H. Sears acted in a false, deceptive, misleading and unfair manner when communicating to the credit reporting agencies inaccurate information which it knows or has reason to believe will defame the Plaintiff.

24. H. Sears acted in a false, deceptive, misleading and unfair manner by falsely representing the amount, character or legal status of the debt.

25. H. Sears acted in a false, deceptive, misleading and unfair manner by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

26. H. Sears knew or should have known that its actions violated the FDCPA and RFDCPA. Additionally, H. Sears could have taken the steps necessary to bring its agent's actions within compliance of the statute, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

27. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

28. As a result of the acts and/or omissions of H. Sears, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, emotional and mental pain and anguish and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

29. Defendants knew or should have known that their actions violated the FCRA, FDCPA and RFDCPA. Additionally, Defendants could have taken the steps necessary to bring their agent's actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

30. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein

31. At all times pertinent hereto, the conduct of Defendants as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – EXPERIAN
## VIOLATIONS OF THE FCRA

32. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

33. At all times pertinent hereto, Experian was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

34. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

35. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

36. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Experian is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b) and 1681i.

37. The conduct of Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Experian is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT II – CORELOGIC
## VIOLATIONS OF THE FCRA

38. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

39. At all times pertinent hereto, Defendant was a "person", "consumer reporting agency" and "reseller" as those terms are defined by 15 U.S.C. §§ 1681a(b), §§ 1681a(f) and §§ 1681a(u), respectively.

40. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

41. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §§ 1681a(d).

42. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, CoreLogic is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b) and 1681i.

43. The conduct of CoreLogic was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Corelogic is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT III – H. SEARS

COMPLAINT AND
DEMAND FOR JURY TRIAL

## VIOLATIONS OF THE FCRA

44. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

45. At all times pertinent hereto H. Sears was a "person" as that term defined by 15 U.S.C. § 1681a(b).

46. H. Sears violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

47. H. Sears's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result H. Sears is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

## COUNT IV – H. SEARS
## VIOLATIONS OF THE FDCPA

48. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

49. H. Sears is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

50. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

51. The above disputes by Plaintiff and the reporting of the inaccurate information to credit reporting agencies by H. Sears are "communications" relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

52. Any alleged debts at issue arose out of a transaction which was primarily for personal, family or household purposes.

53. H. Sears violated the FDCPA. H. Sears's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e(2)(A), 1692e(8), 1692e(10), and 1692f, as evidenced by the following conduct:

(a) The false representation of the amount, character or legal status of a debt;

(b) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed; and

(c) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff.

54. H. Sears's acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies relating to the inaccurate information.

55. As a result of the above violations of the FDCPA, H. Sears is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## COUNT V – H. SEARS
## VIOLATIONS OF THE RFDCPA

56. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

57. H. Sears is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c) of the RFDCPA.

58. Plaintiff is a "debtor" and a "person" as defined by Cal. Civ. Code §§ 1788.2(h) and 1788.2(g) of the RFDCPA, respectively.

COMPLAINT AND
DEMAND FOR JURY TRIAL

59. The above referenced H. Sears account is a "consumer debt" resulting from "consumer credit transactions" as defined by Cal. Civ. Code §§ 1788.2(h) and 1788.2(g) of the RFDCPA, respectively.

60. The above referenced credit reports are "consumer credit reports" as defined by Cal. Civ. Code § 1788.2(j) as defined by the RFDCPA.

61. H. Sears violated Cal. Civ. Code § 1788.17 of the RFDCPA by violating the FDCPA, including but not limited to 15 U.S.C. §§ 1692e(2)(A), 1692e(8), 1692e(10), and 1692f.

62. H. Sears violated Cal. Civ. Code § 1788.10(c) of the RFDCPA by communicating to the credit reporting agencies inaccurate information which it knows or has reason to believe will defame the Plaintiff.

63. H. Sears's acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies relating to the inaccurate information.

64. As a result of the above violations of the RFDCPA, H. Sears is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## JURY TRIAL DEMAND

65. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Statutory damages;

(b) Actual damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o, 15 U.S.C. § 1692k, and Cal. Civ. Code 1788.30(c); and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully Submitted by:
THE TATAR LAW FIRM

Dated: May 11, 2012

_____
Stephanie Tatar
*Attorney for Plaintiff*

COMPLAINT AND
DEMAND FOR JURY TRIAL

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Josephine Tucker and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

## SACV12- 795 JST (MLGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [X] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)         NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Stephanie R. Tatar
Tatar Law Firm, APC
3500 West Olive Ave., Ste 300
Burbank, CA 91505
(323) 744-1146

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DUBSKY<br><br>PLAINTIFF(S)<br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC. and CORELOGIC CREDCO, LLC and HERBERT P. SEARS CO., INC.<br><br>DEFENDANT(S). | CASE NUMBER<br><br>SACV12-795 JST (MLGx)<br><br><br>SUMMONS |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☐ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Stephanie R. Tatar_____, whose address is _3500 West Olive Ave., Ste 300, Burbank CA 91505_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __MAY 17 2012__     By: __SHEA BOURGEOIS__
                                Deputy Clerk

                                (Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

CV-01A (10/11)                       SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
ROBERT DUBSKY

**DEFENDANTS**
EXPERIAN INFORMATION SOLUTIONS, INC. and CORELOGIC CREDCO, LLC and HERBERT P. SEARS CO., INC.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Stephanie R. Tatar, Tatar Law Firm, APC
3500 West Olive Avenue, Suite 300
Burbank, CA 91505   (323) 744-1146

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in this State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq. Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | | |
| ☐ 810 Selective Service | | | **CIVIL RIGHTS** | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | | ☐ 840 Trademark |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| | ☐ 240 Torts to Land | | | | **FEDERAL TAX SUITS** |
| | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

SACV12-795

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Tuolumne |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | San Diego<br>Kern |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | San Diego<br>Kern<br>Tuolumne |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _[signature]_   Date  5/14/12

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |